# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **HON. CATHY L. WALDOR** |
| v. | : | Magistrate No. 12-7289 |
| **GLENN W. ALBANESE** | : | **COMPLAINT** |

I, Kevin D. Bradley, being duly sworn, state the following is true and correct to the best of my knowledge and belief. From in or about 2000 through in or about December 2010, in the District of New Jersey and elsewhere, the defendant GLENN W. ALBANESE did:

SEE ATTACHMENT A

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

SEE ATTACHMENT B

continued on the attached page and made a part hereof.

_____
Kevin D. Bradley, Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,

November 13, 2012                    at         Newark, New Jersey
Date                                                     City and State

HONORABLE CATHY L. WALDOR
United States Magistrate Judge                _____
Name & Title of Judicial Officer               Signature of Judicial Officer

## ATTACHMENT A

From in or about 2000 through in or about December 2010, in the District of New Jersey and elsewhere, the defendant

## GLENN W. ALBANESE

did knowingly and intentionally conspire and agree with coconspirators E.S., V.S. and others to devise a scheme and artifice to defraud Broker-Dealer A, and to obtain money and property from Broker-Dealer A, by means of materially false and fraudulent, pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Section 1349.

## ATTACHMENT B

I, Kevin D. Bradley, have been a Special Agent of the Federal Bureau of Investigation for approximately two years, and I have been personally involved in the investigation of this matter. The information contained in this Complaint is based upon my personal knowledge, as well as information obtained from other sources, including: a) statements made or reported by various witnesses with knowledge of relevant facts; b) my review of publicly available information relating to Glenn W. Albanese, the defendant; and c) my review of business records, bank records and other documents. Because this Complaint is being submitted for the limited purpose of establishing probable cause, it does not include every fact that I have learned during the course of the investigation. Where the content of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### Introduction

1. GLENN W. ALBANESE is the former Chief Financial Officer of Broker-Dealer A, a registered broker-dealer with headquarters in New York, New York. From in or about 2000 through in or about December 2010, defendant GLENN W. ALBANESE stole approximately $1,000,000 from Broker-Dealer A through an elaborate false invoicing scheme. In sum, defendant GLENN W. ALBANESE directed certain vendors of Broker-Dealer A to submit false and fraudulently inflated invoices to Broker-Dealer A, caused the false and fraudulently inflated invoices to be approved and paid by Broker-Dealer A, and then directed the vendors to send him the bulk of the illicit proceeds.

### Background

2. At all times relevant to this Complaint, defendant GLENN W. ALBANESE resided in Monmouth County, New Jersey. From in or about January 2000 through in or about December 2010, defendant ALBANESE was employed as the Chief Financial Officer of Broker-Dealer A, a registered broker-dealer with headquarters in New York, New York.

3. At all times relevant to this Complaint, V.S., who is named as a coconspirator but not as a defendant herein, owned Data Source Partners Inc. ("Data Source Partners"), an information technology consulting company with headquarters in Monmouth County, New Jersey.

4. From at least in or about 2005 through in or about December 2010, E.S., who is named as a coconspirator but not as a defendant herein, worked at S&R Graphic Company ("S&R Graphic"), a commercial printing company with headquarters in New York, New York.

### The Conspiracy

5. In furtherance of the conspiracy, defendant GLENN W. ALBANESE directed V.S., E.S. and others to create and send to Broker-Dealer A invoices that were fraudulent in that

they either (1) charged for services that were never provided, or (2) inflated the amount due for services that were provided (collectively, the "Fraudulent Invoices").

6. At defendant GLENN W. ALBANESE's direction, V.S., E.S. and others created and sent to Broker-Dealer A dozens of Fraudulent Invoices.

7. Defendant GLENN W. ALBANESE caused Broker-Dealer A to pay the Fraudulent Invoices, even though he knew them to be fraudulent.

8. Defendant GLENN W. ALBANESE then directed V.S., E.S. and others to funnel the illicit proceeds of the scheme to him. In order to conceal the scheme, however, defendant GLENN W. ALBANESE told V.S., E.S. and others not to send the illicit proceeds to defendant ALBANESE directly, but rather, directed them to use the illicit proceeds to pay his personal expenses.

9. For example, at defendant GLENN W. ALBANESE's direction, V.S. caused checks and wires to be issued from DataSource Partners' corporate checking account, which were comprised of proceeds of the fraudulent invoicing scheme, to pay for private landscaping services and the installation of home theater equipment at defendant ALBANESE's residence.

10. Similarly, at defendant GLENN W. ALBANESE's direction, E.S. caused checks and wires to be issued from S&R Graphic's corporate checking account, which were comprised of proceeds of the fraudulent invoicing scheme, to pay for personal expenses of defendant ALBANESE including the following:

(1)   Landscaping services at defendant Albanese's residence;
(2)   Interior decorating services at defendant Albanese's residence;
(3)   A designer-breed dog and "canine fence;"
(4)   Equestrian equipment;
(5)   Thousands of dollars worth of wine;
(6)   Tickets to Walt Disney World and Six Flags theme parks;
(7)   Children's toys and games;
(8)   Fitness equipment and sporting goods;
(9)   Computer equipment; and
(10)  More than $40,000 in flights, hotels and travel expenses.

11. Also, on numerous occasions, defendant GLENN W. ALBANESE directed E.S. to meet him at predetermined locations in New York City and deliver to him envelopes containing thousands of dollars in cash comprised of the illicit proceeds from the scheme.

12. Defendant GLENN W. ALBANESE sent, or caused to be sent, numerous interstate wires from or to New Jersey in furtherance of the scheme. For example, on or about February 16, 2008, defendant GLENN W. ALBANESE faxed a note from his home in New Jersey to E.S. at the offices of S&R Graphic in New York. In the note, defendant GLENN W.

2

ALBANESE informed E.S. that he had charged approximately $2,905.60, which was comprised of proceeds from the fraudulent invoicing scheme, to S&R Graphic's corporate credit card.

13. In total, defendant GLENN W. ALBANESE obtained in excess of approximately $1,000,000 from Broker-Dealer A as a result of the submission of the fraudulent invoices.